IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITE HERE RETIREMENT FUND;<br>TRUSTEES OF THE UNITE HERE<br>RETIREMENT FUND<br>333 Westchester Ave., North Building<br>White Plains, New York 10604<br><br>            *Plaintiff*<br>  v.<br><br>AFP 107 CORP.<br>d/b/a HILTON ALBANY<br>9 Park Place 4th Floor<br>Great Neck, N.Y. 11021<br><br>    and<br><br>AFP MANAGEMENT CORP.<br>d/b/a HILTON ALBANY<br>9 Park Place 4th Floor<br>Great Neck, N.Y. 11021<br><br>           *Defendants* | CIVIL ACTION<br><br>NO. 18cv07853 |

# COMPLAINT

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to §502(a)(3)(B), (d)(1) and (f) of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §§1132(a)(3)(B), (d)(1) and (f), and §301(a) of the Labor Management Relations Act (hereinafter "LMRA"), 29 U.S.C. §185(c).

2. This Court is one of proper venue under ERISA §§502(e)(2) and 4301(d), 29 U.S.C. §§1132(e)(2) and 1451(d), respectively, and the LMRA, 29 U.S.C. §185(a), because the Plaintiff's office is located in the Southern District of New York.

1

## PARTIES

3. At all times relevant hereto, Plaintiff, UNITE HERE Retirement Fund (hereinafter the "Fund") is a trust fund established under 29 U.S.C. § 186(c)(5) and a "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. § 1002(37), (1), (2) and (3).

4. Plaintiff maintains its principal place of business and is administered from offices listed in the caption which is located within the jurisdiction of the Southern District of New York.

5. Defendants AFP 107 Corp. d/b/a Hilton Albany Hotel and AFP Management Corp. d/b/a/ Hilton Albany Hotel are employers in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11), and (12) that maintain the business address listed in the caption.

6. Effective March 10, 2015 after signing an assumption agreement, the Companies were parties to a collective bargaining agreement with the N.Y. Hotel and Motel Trades Council, AFL-CIO, whereby it agreed to make contributions as required by the collective bargaining agreement to the Plaintiff (Exhibit A).  The Companies also executed an amended extension agreement dated January 19, 2018. (Exhibit B).

7. Pursuant to 29 U.S.C. §1132(g)(2)(B), any contribution that is not received by its due date is charged interest at the Internal Revenue Service rate.

8. Pursuant 29 U.S.C. §1132(g)(2)(C), late payments are also charged liquidated damages in an amount equal to the interest on the principal delinquency.

## AMOUNTS DUE TO THE FUND FOR DELIQUENCIES

9. The above paragraphs are incorporated herein by reference as though duly set forth at length.

10. For the period May 2017-June 2018, the Companies failed to pay contributions on all eligible hours as required by the terms of the collective bargaining agreement. As a result, the Companies owe $32,348.89 in principal contributions for the period May 2017 through June 2018.

11. That principal delinquency accrued a total of $30,922.27 in interest and liquidated damages on the contributions for the period between May 2017 and June 2018 as of August 31, 2018.

12. In 2017, Plaintiff also conducted a payroll audit to determine if the correct amounts were reported and paid by the Companies for the period between April 1, 2015 and April 30, 2017.

13. The audit determined that a total of $44,384.93 in underreported principal contributions was owed for the audit period ("audit delinquency"). A true and correct copy of the audit report is attached hereto as Exhibit C.

14. Through August 31, 2018 the audit delinquency accrued $25,439.50 in interest and in liquidated damages.

15. Despite notice of the foregoing amounts, the Companies have failed and refused to pay.

16. By not payment the amounts owed the Companies violated the collective bargaining agreement, which is actionable under the LMRA and ERISA.

17.     Pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(B) the Companies owe additional interest on the delinquent principal that has and will accrue after August 31, 2018.

18.     In addition to the principal, interest, and liquidated damages set forth above, Defendant Companies owe to Plaintiff's attorneys' fees and costs of litigation, pursuant to 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE**, Plaintiff ask that the Court:

(1)     Enter judgment in favor of the Plaintiff and against the Defendant Companies in the amount of $32,348.89 for unpaid principal contributions for the May 2017 through June 2018 period, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(A);

(2)     Enter judgment in favor of the Plaintiff and against the Defendant Companies in the amount of $10,207.03 for interest on the principal contributions owed the May 2017through June 2018 period calculated as of August 31, 2018 pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(B);

(3)     Enter judgment in favor of the Plaintiff and against the Defendant Companies in the amount of $29,715.24 for liquidated damages on the delinquent contributions owed for the May 2017 through June 2018 period as of August 31, 2018, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(C);

(4)     Enter judgment in favor of the Plaintiff and against the Defendant Companies for such additional interest and liquidated damages that

4

accrues on the May 2017 through June 2018 delinquency after August 31, 2018, calculated at the I.R.S. rate, pursuant to 29 U.S.C. §1132(g)(2)(B) and (C);

(5) Enter judgment in favor of the Plaintiff and against the Defendant Companies for $44,384.93 for principal contributions for the audit delinquency for the April 1, 2015 through April 30, 2017 period, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(A);

(6) Enter judgment in favor of the Plaintiff and against the Defendant Companies in the amount of $12,719.75, for interest on the audit delinquency as of August 31, 2018, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(B);

(7) Enter judgment in favor of the Plaintiff and against the Defendant Companies in the amount of $12,719.25 in liquidated damages as of August 31, 2018, pursuant to 29 U.S.C. §1132(g)(2)(C);

(8) Enter judgment in favor of the Plaintiff and against the Defendant Companies for such additional interest and liquidated damages that accrues on the audit delinquency after August 31, 2018, calculated at the I.R.S. rate, pursuant to 29 U.S.C. §1132(g)(2)(B) and (C);

(9) Enter an order requiring the Defendant Companies to pay contributions as required by the terms of the collective bargaining agreement

(10) Enter judgment in favor of the Plaintiff and against the Defendant Companies for attorneys' fees and costs, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(D); and

(11)   Grant any other further relief the court finds just and proper.

                            **CLEARY, JOSEM & TRIGIANI LLP**

BY:   */s/ Regina C. Hertzig*
        WILLIAM T. JOSEM, ESQUIRE
        REGINA C. HERTZIG, ESQUIRE

        Cleary, Josem & Trigiani, LLP
        Constitution Place
        325 Chestnut Street, Suite 200
        Philadelphia, PA 19106
        (215) 735-9099
        wtjosem@cjtlaw.org
Dated: 8/28/18        rhertzig@cjtlaw.org